L. C. GRACY, *Appellant,* v. B. H. GRACY AND JIM GUINN, *Appellees.*

Opinion filed July 13, 1917.

1. Where one claims the ownership of an irrigating plant, which was placed upon his land with his consent by his copartner for the purpose of irrigating growing vegetables which the copartnership was engaged in producing, upon the ground that the irrigating plant became attached to the freehold and became apart of the realty, the burden rests upon him to show by clear and convincing evidence that at the time the irrigating plant was placed upon the land the owner of the plant and the land agreed that the irrigating plant should become part of the realty.

2. Where upon the dissolution of a copartnership which existed between two persons, one claims the ownership of certain property, which was supplied by his copartner for use by the copartnership in the conduct of its business but which did not become partnership property, upon the ground that the title thereto had been transferred to him by his copartner in the settlement of the copartnership affairs, the relation existing between the parties requires that the claim of ownership to such property be supported by clear and convincing evidence of the sale and transfer of such property.

3. Where there is a conflict between the statements of counsel and the record in a cause as to any transaction occurring in the progress of the cause, the record will control, and this court be guided in its conclusions by that which the record discloses.

4. Where an objection to the introduction in evidence of a deposition is pending and undisposed of and the record shows such deposition to have been filed by the master appointed to take testimony, an objection filed to the reintroduction of such deposition where the record does not disclose that the deposition had ever been withdrawn after being first offered will be treated as prematurely made.

5. Section 1542 of the General Statutes of Florida, 1906, Florida Compiled Laws, 1914, does not require a specific number of days' notice to be given the opposite party when application is made for a commission to take testimony, where a copy of the interrogatories and notice are delivered to the opposite party or his attorney, but requires only that the delivery of a copy of the interrogatories and notice be made a reasonable time before applying for the commission.

6. Where one acknowledges service of a copy of interrogatories to be propounded to an absent witness and a notice of an application to apply for a commission to take the testimony of such witness, four days before the date named in the notice of intention to apply for such commission, and two days before such date files cross interrogatories and interposes at the time no objection to the issuing of the commission, he will be deemed to have had reasonable notice of the issuing of the commission.

Appeal from Circuit Court for Alachua County, J. T. Wills, Judge.

Decree reversed.

*Christopher Matheson* and *Hampton & Hampton,* for Appellant;

*Evans Haile* and *Thos. W. Fielding,* for Appellees.

ELLIS, J.—This is a suit to enforce a mortgage lien upon certain mules and carts and an irrigating plant and all fixtures.

The appellant, who was the complainant below, alleged in the bill of complaint that B. H. Gracy was indebted to the First National Bank of Alachua on October 4, 1910, in the sum of twenty-five hundred dollars and executed the mortgage upon the property described to secure the

payment of the debt; that the mortgage was duly recorded and on May 6, 1912, the bank assigned the "debt and mortgage deed" to the complainant, and that the debt with interest is due and unpaid. It is alleged that Jim Guinn claims an interest in the mortgaged property, and for that reason was made a party defendant. The prayer is for a decree ordering an early payment of the debt and in default of the payment of the amount due that the property be sold and the defendants and those claiming under them be barred from the equity of redemption, and for general relief. This bill was filed four days after the debt was alleged to have been assigned by the bank to the complainant.

The bill did not allege that the debt referred to was evidenced by a promissory note, but the chattel mortgage mentioned in the bill and attached to it as an exhibit and part of the bill, recites that the debt was "expressed in one promissory note" dated *October* 4th, 1910, and payable *April* 4th, 1910.

On January 18th, 1913, the defendant Jim Guinn answered the bill denying all its material allegations and averring that the irrigating plant was not the property of B. H. Gracy at the time the mortgage was alleged to have been given, nor was he in possession of the property at that time, nor did he have any interest in it; but on the contrary the irrigating plant and all fixtures was the property of Jim Guinn at the time the mortgage was alleged to have been given, and that he was at present the owner of it.

In March, 1913, the complainant amended his bill in some of its formal features, and alleged that the mortgage in reciting that the debt became due in April, 1910, was erroneous and should be made to recite that the debt

became due in April, 1911. The bill contained the same prayer as the original and the additional prayer that the mortgage be reformed in the particular mentioned.

The defendant Jim Guinn adapted his answer to the original bill as an answer to the amended bill, and averred that the indebtedness if ever created was due at the time stated in the mortgage.

Replication was filed by the complainant, and a decree *pro confesso* taken against B. H. Gracy, who failed to plead, answer or demur to the bill.

A special master was appointed to take testimony and report the same to the court. This order was made on April 25th, 1913.

In October, 1913, five months and a half after the order above mentioned, complainant filed interrogatories to be propounded to B. H. Gracy, and a notice of an application for a commissioner to take his depositions. Service of this notice and receipt of a copy of the interrogatories was acknowledged by the solicitor for Jim Guinn on the same day. The notice was filed October 9th, and stated that application for the commission would be made on October 13th to the clerk. On October 11th, the defendant filed cross-interrogatories. On October 13th, the complainant filed objections to the cross-interrogatories, and on the same day the commission was issued naming two commissioners to which commission instructions to the commissioners was attached. On October 20th, 1913, the depositions were returned and filed. According to the record only the answers of B. H. Gracy to the direct and cross-interrogatories were filed, but the record states that the envelope in which the depositions were returned bore certain endorsements, *viz*: Address, title of cause, contents, date of receipt and filing, and opening by counsel,

and that complainant offered in evidence "deposition, direct interrogatories, commission, answers to interrogatories and report of commissioner, together with envelope in which same were returned, which is filed in evidence and marked complainant's exhibit No. 3;" that "defendant offered in evidence cross-interrogatories and answers thereto, which is filed in evidence and marked defendant's exhibit No. 2." "Read and filed in evidence and marked complainant's exhibit No. 4. Filed by me this Nov. 5, 1913. E. C. F. Sanchez, Master." The names of the commissioners were written across the seal of the envelope.

In January, 1914, the complainant filed a notice of his application to re-establish lost files consisting of the affidavits of the commissioners, Hall and Morrison. The notice stated that the application would be made to the chancellor on February 4, 1913, eleven days thereafter. Service of the notice was accepted by counsel for Jim Guinn, and on February 24, 1913, the court made an order that the "lost pleadings be and the same are hereby re-established as per copies of same attached to the petition in said application marked Exhibit 'A' and 'B,' respectively," and that the lost copies should have the force and effect of the originals.

In January, 1914, the special master made his report of the testimony, documentary evidence, exhibits, etc. The complainant offered in evidence the mortgage and the assignment to him by the bank. Christopher Matheson, solicitor for complainant, testified that when complainant employed him, the former delivered to the latter a note "dated April 4, 1910, signed by B. H. Gracy, for the sum of twenty-five hundred ($2,500.00) dollars, payable six months after date, and payable to the First National

Bank of Alachua, and bearing interest at the rate of eight per cent. per annum after maturity, which said note was endorsed to L. C. Gracy." The witness stated that he had been unable to find the note, that he had made a diligent search for it, and that it had been lost; that he had noticed the note particularly inasmuch as the mortgage recited that it became due in April, 1910, and the witness wanted to see if the note contained the same clerical error, "but I found that it did not, but was made payable six months after date, which would make it April 4, 1911." Here the witness himself was in error, because if the note was "dated April 4, 1910," and was made "payable six months after date," the due date of the note was October 4, 1910, instead of April 4, 1911. L. C. Gracy testified in his own behalf, that the note was dated "October 4, 1910," and payable six months after date. Solicitors for the defendant produced the note which complainant identified and which the defendant Jim Guinn said he had received in an envelope by mail a short time before. This note was dated "Oct. 4th, 1910," and was stamped: "First National Bank of Alachua. April 24, 1911. Paid" and "Endorsed: L. C. Gracy." Complainant testified that he paid the mortgage. The assignment of the mortgage by the bank to complainant recited that the bank also assigned the "Notes or obligations described in said mortgage and the money due and to become due thereon with interest from the 4th day of April, 1910." The complainant also testified that he owned the note, that he paid the bank the "amount it calls for, with interest, and they turned it over to me."

It appears from the evidence that B. H. Gracy and Jim Guinn entered into a copartnership in 1907 to grow and produce vegetables. They "raised three Spring Crops"

during the years 1908, 1909 and 1910. They dissolved copartnership during the latter part of 1909 or first of 1910. Under the agreement Gracy was to furnish an irrigating plant and fixtures, boards and cloth for awnings or protection for the vegetables, and Jim Guinn was to furnish the land on which to grow the vegetables and the water for irrigation. There is nothing in the evidence to show that the property used in the business of growing vegetables; the land, boards, cloth or irrigating plant and fixtures became under the agreement partnership property. It appears that Jim Guinn retained the title to his land and that B. H. Gracy retained the ownership of the irrigating plant, boards and cloth. After the partnership was dissolved B. H. Gracy executed the mortgage referred to and delivered it to the bank. The irrigating plant and fixtures described in the mortgage were on the land owned by Guinn, where they had been placed under the partnership agreement. Guinn testified that when he and Gracy dissolved, the latter took the cloth and boards as his part of the property, and the irrigating plant and fixtures were delivered to Guinn as his part, and so the settlement was made. There is nothing to show just why Guinn became entitled to the irrigating plant and fixtures, his claim for compensation for extra work as the consideration for the transfer is too vague and deficient in particulars to be convincing, besides the debt secured by the mortgage was a prior claim upon the partnership property if the irrigating plant was so regarded. Whereas if it was regarded by the partners as the separate and individual property of Gracy, Guinn's claim of ownership is supported by little if any evidence of a consideration for the transfer. The claim that the irrigating plant became part of the freehold because attached to it, has no support either in

evidence or agreement. There is nothing to show that when the irrigating plant was placed on the land it was intended by the parties to become part of the freehold, no agreement whereby Gracy should be compensated therefor, no evidence that a removal of the plant would injure the freehold, no denial that the plant was placed on the land by Gracy with Guinn's consent, and nothing to show that the fixtures were to become the property of Guinn as compensation for the use of the land.

The complainant, on November 6, 1913, offered in evidence the depositions of B. H. Gracy, to which the defendant Guinn objected upon several grounds: First, because the "defendants were not given the proper notice required by law for the taking out of a deposition. 2nd. Because the commission was not issued in the manner provided by law. 3rd. Because the interrogatories and the answers thereto were not propounded and taken in the manner provided by statute. 4th. Because the commissioners did not comply with the statute in taking and in executing the commission. 5th. Because the commissioners did not comply with the statute in propounding the interrogatories to the witness. 6th. Because the deposition does not show anywhere that the commissioners were duly qualified to execute the commission. 7th. Because the commission was not returned by the commissioners in the manner provided by law;" and moved to suppress the "deposition, commission, the interrogatories and answers" because "the commissioners did not comply with the law in taking the testimony of the witness B. H. Gracy; they did not qualify themselves before taking the testimony of B. H. Gracy; because they did not execute the commission in the manner provided by law; because they did not return the commission as the law requires it should be returned."

The record shows that on the second day of May, 1914, the "complainant re-introduced the interrogatories and depositions of B. H. Gracy, the same marked Exhibits 3-4 and requested that the defendant's counsel be notified so that the matter might be closed. Complainants' counsel filed their objections to the re-introduction of the interrogatories and depositions on the sixteenth day of May, A. D. 1914, which are marked Exhibit 'C' and announced as closed" This objection was interposed by defendant instead of complainant. Although the record as quoted ʰows that the complainant offered the deposition and then objected to the introduction of it in evidence, exhibit "C" copied into the record shows that it was interposed by the defendant Guinn. This objection filed as "Defendants Exhibit 'C,' we copy in full because the court's ruling upon it is treated by counsel upon both sides as important and vital to the determination of the case. The objection is as follows:

"To the reintroduction into evidence of the Deposition of B. G. Gracy, the Defendant Jim Guinn objects, upon the following grounds:

"1st. The Deposition has already been offered and filed in evidence.

"2nd. There is nothing to show that the Deposition has been withdrawn from the evidence.

"3rd. It cannot be re-offered in evidence, because there is nothing to show that it has been withdrawn, and as the record stands the deposition is already in evidence, subject to the objections made to it when it was offered.

"4th. Because there is nothing to show that the Commissioners who took the Deposition were qualified to do that service.

"5th. There is nothing to show that the commission was duly executed by the Commissioners.

"6th. The statute in such cases made and provided has not been complied with.

"The defendant Jim Guinn further objects to the introduction in evidence of the said Deposition, because:

"1st. There is nothing to show that the law making effective the re-established oath of the Commissioners has been complied with.

"2nd. The re-established oath of the Commissioners is not effective.

"3rd. The complainant has not produced proof to show that the re-established oath of the Commissioner is effective.

"4th. There is nothing to show in the record in this case that the law providing when a re-established file or paper shall become effective, has been complied with.

"5th. The Commissioners were not sworn as required by law.

"The defendant Jim Guinn moves to suppress the Deposition of B. H. Gracy, which is offered to be re-introduced in evidence, upon the following grounds:

"1st. The witness did not answer the cross-interrogatories.

"2nd. The witness gave evasive answers to the cross-interrogatories.

"3rd. The cross-interrogatories were not fully and fairly answered.

"4th. Many of the cross-interrogatories were answered evasively.

"Defendant Jim Guinn further moves to suppress the Deposition of B. H. Gracy for the following reasons:

"1st. Because proper and legal notice of the time of the issuing of the commission was not given to the defendant, Jim Guinn, nor to his attorneys.

"2nd. Because notice for the requisite length of time before applying for the commission was not given to the defendant, Jim Guinn, or his attorneys, and the defendant, Jim Guinn, objects to the re-introduction into evidence for the same reasons just last above stated in his motion to suppress the said Deposition. Written on margin: Sustained."

No order appears in the record upon this objection, and no reference made to it in the final decree from which this appeal is taken. The word "Sustained" with which the second motion to suppress the deposition, consisting of two grounds and embraced in the "objection" as filed, closes, is the only intimation that this court has that the court made any order upon it whatever. Counsel for both complainant and defendant however in their briefs treat the subject as if the "objection" had been sustained instead of the second motion to suppress, which includes all the grounds enumerated in the first motion to suppress, but none of the grounds enumerated in the first objection to the introduction in evidence of the deposition.

The depositions of B. H. Gracy were material to the issues in the case, and were sufficient upon which to base a decree granting the full relief prayed for in the bill.

The decree however adjudged that, as to "Jim, Guinn the complainant take nothing by his suit and the bill of complaint herein as to the said Jim Guinn is hereby dismissed," etc., and that as to B. H. Gracy the mortgage was declared to be a lien upon the "seven head of mules and two carts." The effect of the decree was to adjudi-

cate the title to the "irrigating plant and all fixtures" to be in the defendant Jim Guinn.

Appellees' counsel insist that as there is nothing in the record to show that the deposition after its introduction by the complainant in evidence on November 6, 1913, was ever withdrawn, it could not be re-introduced in evidence on May 2nd, 1914. In another part of their brief counsel for appellees say that the "deposition was in fact withdrawn by appellant, although the transcript does not show that it was." This being true, counsel's argument on this point fails. But if it was not withdrawn, it was before the court for consideration subject to the objection interposed on the sixth of November, 1913, and the objection to its re-introduction interposed May 16, 1914, was out of place and addressed to nothing. The objection interposed to the deposition when it was first introduced appears not to have been disposed of by the court so far as the record shows. As this court must be controlled in its conclusions by the record before it, as appellees' counsel insist, we must hold that the deposition was before the court and the objection to its introduction interposed on November 6, 1913, undisposed of. This being true, the court considered only the two motions to suppress the deposition embraced in the objection to its re-introduction interposed May 16, 1914, as the record seems to indicate. If these motions were sustained we would hold the ruling to be erroneous, because the answers to the cross-interrogatories were not in our judgment amenable to the criticism made of them, and as for the notice of intention to apply for a commission, the defendant had four days and filed his cross-interrogatories within three days, and interposed no objection at the time to the short notice, but named a person to act

as commissioner in his behalf. The notice seems to have, been reasonable. See Section 1542 General Statutes of Florida, 1906, Florida Compiled Laws, 1914.

If the deposition was considered by the court, the decree should not have adjudged the equities as between the complainant and the defendant Guinn to be with the latter; nor do we think that the answer of the defendant was supported by the evidence, even if the deposition of B. H. Gracy was not considered. We reach this conclusion because the evidence is insufficient to support either contention of the defendant Guinn that the irrigating plant became a part of the real estate when it was placed thereon, or that it was transferred to defendant by Gracy in settlement of their partnership affairs.

The decree of the Chancellor is reversed, with the privilege to complainant of obtaining copies of the re-established papers certified by the clerk of the court and placed on file in the clerk's office.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, J. J., concur.